CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke?
JUN 27 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL A. LOVINGS, | ) | Civil Action No. 7:11-cv-00292 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRACEY RAY, et al., | ) | By: Hon. Jackson L. Kiser |
| Respondents. | ) | Senior United States District Judge |

Petitioner Paul A. Lovings, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner complains of defects in the proceedings leading to his institutional conviction. This matter is before me for preliminary review. After reviewing petitioner's submissions, I dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases because it is clear from the petition that petitioner is not entitled to relief.

I.

Petitioner alleges the following facts. On October 24, 2010, a correctional officer accused petitioner of making a lewd or obscene act directed toward another person, in violation of an institutional rule. Although petitioner argued that defects in pre-hearing procedures and the sufficiency of the evidence warranted dismissal of the charge, the hearing officer found petitioner guilty of the offense. The imposed sentence was seven days of isolation. (Pet. Ex. 14.) Petitioner alleges that subsequent events nearly six months later caused him to lose good-time credit, but he does not identify any circumstances surrounding the alleged loss of good time credit.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interests, such as earned good conduct time, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate is only entitled to these procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty or property interest is at issue. Id. Petitioner acknowledges that the only penalty imposed for the conviction was seven days of isolation. Thus, petitioner was not entitled to Wolff's procedural protections at his disciplinary hearing. Although inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

2

force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Petitioner's housing in isolation clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"); Jackson v. Smith, 91 F.3d 130 (Table) [published in full-text format at 1996 U.S. App. LEXIS 15601, 1996 WL 380254] (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest).

Moreover, inmates have no protected liberty interest in earning a specific rate of good conduct time. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001). The effect of a classification on the ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71

F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)). Thus, even if plaintiff's disciplinary conviction ultimately impacted his custody status or the rate at which he earns good time in the future, such changes do not implicate federal due process protections. DeBlasio, 128 F. Supp. 2d at 329. Therefore, petitioner fails to allege facts indicating that he has been deprived of any federally protected interest without due process. Accordingly, the petition's complaints about his October 2010 institutional offense does not state or implicate any constitutional violation, and I dismiss the petition.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner.

ENTER: This 27th day of June, 2011.

*[signature]*
Senior United States District Judge